UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL SECURITY ARCHIVE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:19-cv-529 (TNM) |
| DEFENSE INTELLIGENCE AGENCY, | ) ) ) | |
| Defendant. | ) ) | |

**JOINT STATUS REPORT**

Plaintiff National Security Archive ("Plaintiff") and Defendant Defense Intelligence Agency ("Defendant" or "DIA"), a component-agency of U.S. Department of Defense ("DOD"), through undersigned counsel, respectfully submit this Joint Status Report.

1. Plaintiff's Complaint alleges that this action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and seeks disclosure of documents contained among "Lieutenant General Leonard Perroots' 1989 records related to the "1983 Soviet 'War Scare'." Plaintiff believes that the materials it seeks are located within three specific boxes of documents located in the Washington Records Center in Suitland, Maryland. Docket Entry No. 1, Feb. 28, 2019.

2. Defendant filed its Answer on May 10, 2019. Docket Entry No. 12, May 10, 2019.

3. The Parties submitted their second Joint Status Report on Friday, June 21, 2019. In the June 21 Joint Status Report, the Parties agreed that Defendant would "make every effort to process and produce all of" the 26 indices describing the requested boxes' contents no later than Friday, July 12, 2019. The Parties also agreed that on July 1, Defendant would inform Plaintiff of DIA's progress in processing the indices, the expected time frame for

|      |      |
|------|------|
|      | completing this task, and whether DIA would need to consult with additional government agencies.  Docket Entry No. 13, June 21, 2019. |
| 4.   | Plaintiff also reserved the right to request an expedited processing schedule for the remaining indices or all files in the boxes depending on Defendant's July 1 Status Update.  *Id.* |
| 5.   | On June 21, 2019, the Court ordered the Parties to file a subsequent Joint Status Report by July 31, 2019.  Minute Order, June 21, 2019. |
| 6.   | On July 7, 2019, Defendant informed Plaintiff that DIA had concluded that the indices implicated "multiple internal subject matter offices, as well as numerous other numerous government agencies and DoD offices and components" which have "equities in the information contained in each of the indices."  *See* Exhibit 1. |
| 7.   | Defendant further informed Plaintiff that DIA was in the process of engaging the additional entities in the requisite review and consultation process, but would not have all responses back in time to complete the review and consultation process by July 12, 2019.  Defendant stated that if DIA could make any final releases by July 12, it would, and that DIA would make rolling productions as necessary.  *See* Exhibit 1. |
| 8.   | On Wednesday, July 10, 2019, Defendant informed Plaintiff that DIA would not be able to make any productions by July 12 given the need for multiple entities (fifteen agencies and at least eight offices within DIA) to comment on "most" of the indices.  DIA stated that it would not be able to process any indices for final release until "all equity-holder responses are received and accounted for," but would make rolling productions as each index is completely processed.  *See* Exhibit 1. |

9. On Thursday, July 11, 2019, Plaintiff asked Defendant if it could provide Plaintiff with a timeline for when the rolling productions would begin and be completed.  *See* Exhibit 1.

10. On July 11, 2019, Defendant informed Plaintiff that: "[t]here is no way to determine how long the process will take."  *See* Exhibit 1.

11. On Thursday, July 11, 2019, Wednesday, July 17, 2019, and Monday, July 22, 2019, Plaintiff asked Defendant if it could provide Plaintiff with an estimate of when the rolling productions would begin and be completed.  *See* Exhibit 1.  Defendant's counsel was out of the office and did not receive Plaintiff's correspondence until Saturday, July 27, 2019.

12. On Sunday, July 28, 2019, Defendant informed Plaintiff that DIA "is making progress in processing the inventories, but is not yet in a position to release any complete records" given the involvement of multiple stakeholders with equities in the information contained in the indices.  Defendant stated that DIA "remains committed to processing the 26 inventories and rolling them out for final release as soon as each is completed," but failed to provide Plaintiff a sense of when these productions would begin.  *See* Exhibit 1.

**Plaintiff's Position**

None of Defendant's updates following the June 21, 2019 Joint Status Report have given Plaintiff a sense of timing on when Plaintiff could expect rolling productions to begin.  Plaintiff has asked Defendant on three separate occasions (July 11, July 17, and July 22) for an estimate of timing on DIA's rolling productions.  *See* Exhibit 1.  Defendant did not respond to Plaintiff's inquiries regarding when rolling productions will begin until it sent Plaintiff its revisions to the Joint Status Update on July 31, 2019.  Even then, although Defendant states that it can "provide Plaintiff with a substantial release of the 26 indices by August 31, 2019," it has continuously refused to commit to a clear and binding deadline and a specific number of indices to be

processed. Plaintiff also notes that it disagrees with Defendant's characterization of the level of detail included in its previous disclosure of the contents of the boxes.

Accordingly, it is evident that the Parties cannot agree upon a processing schedule, and that Defendants need a Court-ordered deadline in order to obtain full and expedient cooperation from all participating entities. Plaintiff therefore requests that the Court enter the attached Plaintiff's Proposed Scheduling Order.

### Defendant's Position

Plaintiff's demand that Defendant provide a date certain by which the indices identifying the contents of the boxes will be produced ignores the realities of the situation, which include that (i) all of the indices contain information requiring review by other agencies before a release determination can be made; (ii) DIA has no control over the pace at which other agencies who are not party to this lawsuit analyzes the documents and returns them to DIA for processing; and (iii) even if DIA is ordered to begin processing the documents in the boxes, this will not result in Plaintiff receiving any document sooner because DIA will still have to consult with or refer records to the same agencies and potentially more because the records themselves will require consultation with agencies beyond those who equities are clear from the indices; consequently, processing of the actual records likely the amount of coordination or referral will be significantly greater.

As has been explained to Plaintiff's counsel, DIA's preliminary review of the records contained in the three boxes that are the subject of this FOIA request reveals that the majority of records are unrelated to the substantive records that Plaintiff is actually seeking, namely, documents contained among "Lieutenant General Leonard Perroots' 1989 records related to the "1983 Soviet 'War Scare'." Based on DIA's preliminary review of the records and the associated indices, the records in the three boxes relate to correspondence signed by the DIA Director in 1989, Lieutenant General Harry Solster – not Lieutenant General Perroots – and they mostly relate to

awards, condolence letters, travel approvals, and other matters unrelated to the 1983 event. For this precise reason, the parties agreed to the processing of the 26 indices to determine what records, in any, are significant to the Plaintiff. Recognizing that processing the indices required consultation with multiple other agencies, DIA expressed concerns from the outset at meeting a July 12, 2019 deadline, but agreed to make a good faith effort to do so. DIA has made this good faith effort, following up regularly with the other equity holders to facilitate their responses, and regularly updating Plaintiff's counsel on status of its processing.

Plaintiff's demand that DIA process 1,200 pages per month and simultaneously produce a *Vaughn* index is unreasonable and unfair not only to DIA but to the other FOIA requesters whose requests will need to be put to the side so DIA can spend an unreasonable amount of resources that Plaintiff now demands be allocated to his request. Moreover, requiring DIA to being processing the records contained in the three boxes effectively will make moot all of DIA's efforts of the past month to process the indices, an inefficient and resource-wasting result.

DIA anticipates that it can provide Plaintiff with a substantial release of the 26 indices by August 31, 2019, and will work to release all indices as soon thereafter as practicable. At that point, consistent with the original agreement outlined in the parties' June 21, 2019, Plaintiff can request additional materials identified in the indices for DIA to process based on Plaintiff's review of the indices provided. This approach ensures that resources are not wasted on the processing of records that are irrelevant or insignificant to Plaintiff and the information it seeks to obtain through its FOIA request. Should the Court determine that DIA must, nonetheless, begin processing all records contained in the three boxes, DIA proposes that the Court allow the parties an opportunity to confer about mutually agreeable schedule, and set an additional Joint Status Report due date for September 16, 2019.

Dated:  July 31, 2019						Respectfully submitted,

| *For Plaintiff:* | *For Defendant:* |
|---|---|
| John S. Guttmann<br>D.C. Bar No.: 251934<br>Beveridge & Diamond, P.C. | JESSIE K. LIU<br>D.C. Bar No. 472845<br>United States Attorney |
| *//s// Hilary T. Jacobs*<br>Hilary T. Jacobs<br>D.C. Bar No. 1021353;<br>Beveridge & Diamond, P.C.<br>1350 I Street, N.W., Suite 700<br>Washington, D.C. 20005-3311<br>Telephone: (202) 789-6020<br>Facsimile: (202) 789-6190<br>Email: jguttmann@bdlaw.com | DANIEL F. VAN HORN<br>D.C. Bar No. 924092<br>Chief, Civil Division<br><br>By:  */s/ April Denise Seabrook*<br>APRIL DENISE SEABROOK<br>D.C. Bar No. 993730<br>Assistant United States Attorney<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br>(202) 252-2525<br>April.Seabrook@usdoj.gov |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL SECURITY ARCHIVE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 19-0529 (TNM) |
| DEFENSE INTELLIGENCE AGENCY, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S PROPOSED SCHEDULING ORDER**

The Court having reviewed the Joint Status Report submitted by the parties, on this date, hereby **ORDERS** that Defendant will begin rolling productions of all the requested records no later than September 1, 2019. Defendant will process all remaining records at a rate of 1,200 pages per month until all records in the three boxes have been fully processed and produced as necessary. Defendant must produce all documents and, if withholding any documents or portions thereof, a *Vaughn* index describing any statutorily authorized reasons for withholding no later than August 31, 2020.

It is **FURTHER ORDERED** that the parties shall file an updated Joint Status Report no later than September 6, 2019.

It is **SO ORDERED**.

_____          _____
Date                                 United States District Judge