UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL SECURITY ARCHIVE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 19-0529 (CJN) |
| DEFENSE INTELLIGENCE AGENCY, | ) ) ) | |
| Defendant. | ) ) | |

## JOINT STATUS REPORT

Plaintiff National Security Archive ("Plaintiff") and Defendant Defense Intelligence Agency ("Defendant" or "DIA"), a component-agency of U.S. Department of Defense ("DOD"), through undersigned counsel, respectfully submit this Joint Status Report.

1.  Plaintiff's Complaint alleges that this action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and seeks disclosure of files from three specific boxes of documents located in the Washington Records Center in Suitland, Maryland. Plaintiff's Complaint identifies the files by accession number, volume, location, file name and date, and box number. Docket Entry No. 1, Feb. 28, 2019.

2.  Defendant filed its Answer on May 10, 2019. Docket Entry No. 12, May 10, 2019.

3.  The Parties submitted their first Joint Status report on June 13, 2019, their second on June 21, 2019, and their third on July 31, 2019.

4.  On August 14, 2019, the Court indicated that Defendant should produce as many indices describing the contents of the three boxes requested as possible by August 31, 2019. The Court further ordered the Parties to file a Joint Status Report by September 9, 2019 following Defendant's August 31, 2019 production. Minute Order, August 14, 2019.

5. On August 30, 2019, Defendant provided eleven of the twenty-six indices (a total of 51 pages out of a total of 132 pages) to Plaintiff, and on September 30, 2019, Defendant provided the fifteen remaining indices to Plaintiff (81 pages total). Defendant has provided all indices except for discrete portion of one index that requires consultation review by another agency; Defendant will endeavor to provide this discrete portion no later than January 10, 2020.

6. On October 7, 2019, the Parties agreed to narrow the scope of the case to the 31 documents described in Appendix A. Docket Entry No. 17, October 7, 2019.

7. On October 15, 2019, Defendant informed Plaintiff that they would make an initial production of the first quarter (i.e., eight) of the documents requested in Appendix A by December 10, 2019 "and thereafter would make productions on a monthly basis." Docket Entry No. 18, October 15, 2019.

8. The Parties filed a Joint Status Report on November 8, 2019, informing the Court of this processing schedule. *Id.* The Court adopted this processing schedule in a Minute Order on November 28, 2019, and ordered the Defendant to "provide Plaintiff the first production of nonexempt portions of one-fourth (i.e., eight) of the requested documents by December 10, 2019, with monthly productions of each of the remaining quarters of documents following thereafter." Exhibit 1, *National Security Archive v. Defense Intelligence Agency* Docket Report (accessed on Dec. 20, 2019) (includes Nov. 28, 2019 Minute Order on page 5).

9. On December 10, 2019, Defendant provided Plaintiff with a letter describing its review of three of the eight documents promised, and the reasons for withholding the three documents in their entirety. *See* Exhibit 2, Letter from DIA to N. Jones, National Security

9. ... Archive (Dec. 10, 2019).  Defendant's letter also indicated that they have been unable to locate Item 2 of Appendix A.

10. Once Defendant has completed its review of the 31 items in Appendix A, Plaintiff will raise any issues with Plaintiff's responses in one comprehensive filing to minimize the burden on the Court. Defendant's letter indicated that Defendant will provide "another round of responses no later than January 10, 2020." *Id.*

## Proposal for Next Steps

**Plaintiff's Position**

11. Defendant failed to produce all eight of the documents that the Court ordered it to produce by December 10, 2019 when the Court adopted the Parties November 8, 2019 Joint Status Report on November 28, 2019.  *See* Exhibit 1, page 5.  Plaintiff notes that it disagrees with Defendant's characterization of its agreement to produce eight documents per month as voluntary, given the Court's November 28, 2019 Minute Order.  *Id.*

12. Plaintiff has attempted to negotiate an alternate processing schedule with Defendant.  This includes a telephone conversation between counsel on December 20, 2019, during which Plaintiff offered Defendant two alternative approaches to completing the production of the thirty-one records, both of which Defendant rejected, citing concerns of participating entities' involvement.

13. Given that Defendant cannot meet the processing schedule set in the November 8 Status Report and that the Parties cannot agree upon an alternate processing schedule, it is apparent that Defendant needs a Court-ordered deadline once again to obtain full and expedient cooperation from all participating entities.

14. Accordingly, Plaintiff requests that the Court set the following production schedule for Defendant's future productions:

    a. Eight documents due by January 10, 2020.

    b. Eight documents due by February 10, 2020.

    c. All remaining documents (total of 12) by March 31, 2020.

**Defendant's Position**

15. Defendant opposes Plaintiff's request that the Court enter another Order instructing Defendant to produce eight records each month and all records by March 31, 2020.

16. Defendant voluntarily agreed that it would make productions on the 10th day of each month or the next business day if the 10th day falls on a weekend or holiday, until all requested records are fully processed. Although Plaintiff disputes that this agreement was "voluntary" because the schedule was ultimately included in the Court's Nov. 28 Minute Order, Defendant notes that the Court's Minute Order adopted language that had voluntarily been included in the November 8, 2019, Joint Status Report and Defendant had made this agreement based on information that Defendant had at that time.

17. In the last month, Defendant worked diligently to complete processing of <u>at least</u> eight documents; however, circumstances beyond Defendant's control made Defendant unable to meet this goal. The processing of the specific records being requested is complicated and takes extensive time due to the sensitive content of some of the documents (including, in some instances, potentially classified information), the age of the documents (which date back to the 1980s), and the large number of equity holders involved in review of each record (which involves consultation with more than one dozen federal agencies and agency components for potential application of exemptions). Defendant can inform other agencies of the schedule in place in this case but, despite making repeated contacts to these other

4

agencies regarding the need to complete the review, Defendant has no power to control the response timing of other federal agencies.

18. Defendant is working diligently to complete processing of all the records efficiently and quickly but given what Defendant now knows about the requested documents and the requirement to involve other agencies in the review, Plaintiff's requested minimum of eight records per month is unreasonable.

19. While Plaintiff implies that Defendant has unreasonably rejected two "alternate processing schedule[s]," Defendant notes that both proposed schedules would have required Defendant to agree to the Court issuing an Order that requires it to fully process approximately six records per month. While this might be a reasonable number in another case where the Defendant could control the processing schedule, this is not a commitment Defendant can make in a case where, as here, the records at issue present unique challenges and require multiple consultations with other agencies. Defendant is committed to processing as many records as possible each month, as there is no benefit to Defendant in prolonging the production or this litigation; however, Defendant is reasonably concerned that, even with its best efforts, it would not be able to comply with an Order mandating the production schedule that Plaintiff proposes.

20. Accordingly, Defendant asks that the Court enter an Order superseding the Minute Order of November 28, 2019, and that the superseding Order mandates Defendant process as many records as it can each month and continue to make productions on the 10th day of the month but refrains from stating the minimum number of records that must be fully processed each month. Alternatively, if the Court finds it necessary and appropriate to

issue an Order mandating a number of records to be produced, Defendant asks that the Order mandate no more than four records be produced per month.

**Next Status Report**

21.  The Parties request that the Court set an additional Joint Status Report deadline for January 17, 2020.

Dated:  December 20, 2019                               Respectfully submitted,

*For Plaintiff:*                                          *For Defendant:*

John S. Guttmann                                  JESSIE K. LIU
D.C. Bar No.: 251934                              D.C. Bar No. 472845
Beveridge & Diamond, P.C.                         United States Attorney

*//s// Hilary T. Jacobs*                          DANIEL F. VAN HORN
Hilary T. Jacobs                                  D.C. Bar No. 924092
D.C. Bar No. 1021353;                             Chief, Civil Division
Beveridge & Diamond, P.C.
1350 I Street, N.W., Suite 700                    By: */s/ April Denise Seabrook*
Washington, D.C. 20005-3311                       APRIL DENISE SEABROOK
Telephone: (202) 789-6020                         D.C. Bar No. 993730
Facsimile: (202) 789-6190                         Assistant United States Attorney
Email: jguttmann@bdlaw.com                        555 4th Street, N.W.
                                                  Washington, D.C. 20530
                                                  (202) 252-2525
                                                  April.Seabrook@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATIONAL SECURITY ARCHIVE, )<br><br>Plaintiff, )<br><br>v. )<br><br>DEFENSE INTELLIGENCE AGENCY, )<br><br>Defendant. ) | Civil Action No. 19-0529 (CJN) |

**PLAINTIFF'S PROPOSED ORDER**

The Court **ADOPTS** the Parties' Joint Status Report.

It is **ORDERED** that Defendant shall provide Plaintiff of the second production of non-exempt portions of eight of the requested documents by January 10, 2020, with a production of the next eight documents by February 10, 2020, and the remaining 12 documents by March 31, 2020.

It is further **ORDERED** that the parties shall file an updated Joint Status Report no later than January 15, 2020.

It is **SO ORDERED**.

---
Date

---
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL SECURITY ARCHIVE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 19-0529 (CJN) |
| DEFENSE INTELLIGENCE AGENCY, | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S PROPOSED ORDER

In light of the parties' Joint Status Report, it is **ORDERED** that Defendant shall fully process as many records as possible each month and provide Plaintiff a production of non-exempt portions of the requested documents, if any, on the 10th day of each month or, if the 10th day falls on a weekend or holiday, the next business day.

It is further **ORDERED** that the parties shall file another Joint Status Report no later than January 17, 2020.

It is **SO ORDERED**.

_____          _____
     Date                                          United States District Judge

**Appendix A**

| Index Title | Document Title |
|---|---|
| 1. Box 1 Inventory 2 | 1/9/89 End of Tour Report (Addendum) General Perroots |
| 2. Box 1 Inventory 2 | 3/17/89 End of Tour Report (LtGen Perroots) |
| 3. Box 1 Inventory 2 | 4/21/89 New Info on the Soviet BACKFIRE Bomber |
| 4. Box 1 Inventory 4 | 3/21/89 Ltr to redacted re Soviet Threat to C3 |
| 5. Box 1 Inventory 4 | 3/20/89 OJCS Summary Sheet, 1962 Cuban Missile Crisis |
| 6. Box 1 Inventory 4 | 3/16/89 Fully redacted title |
| 7. Box 1 Inventory 5 | 4/3/89 Fully redacted title |
| 8. Box 1 Inventory 6 | 5/12/89 Fully redacted title |
| 9. Box 1 Inventory 6 | 5/10/89 Routine Msg SACEUR and USNMR SHAPE BE, re: WARSAW Pact Command Information |
| 10. Box 1 Inventory 6 | 5/9/89 Priority Msg to USNMR SHAPE BE and USCINCEUR VAIHINGEN GE, re: Contrasting Views |
| 11. Box 1 Inventory 8 | 4/21/89 MEMO FOR DASOD, Nuclear Forces and Arms Control Policy, OASD(ISP), re Report on Exercise WINTEX-CIMEX 89 |
| 12. Box 1 Inventory 9 | 1/19/89 OJCS Summary Sheet, CJCS Letter "EMP Warplan" |
| 13. Box 1 Inventory 9 | 1/18/1989 Position Paper, Soviet Foreign Minister Shevardnadze Speech to the Paris Chemical Warfare (CW) Conference |
| 14. Box 1 Inventory 9 | 1/31/89 Memo for ASD(AE), Soviet Obscurants and Competitive Strategies |
| 15. Box 1 Inventory 10 | 2/10/89 Position Paper, Warsaw Pact Release of Military Data |
| 16. Box 1 Inventory 10 | 2/1/89 Memo for USDA, Intelligence Community Work Dealing with Indication and Warnings |
| 17. Box 1 Inventory 11 | 2/24/89 Position Paper, Soviet Reaction to exercise PASEX-89 |
| 18. Box 1 Inventory 11 | 2/23/89 Memo for C/JCS, re Special National Intelligence Est |
| 19. Box 2 Inventory 1 | 5/20/89 Document awaiting consultation review |
| 20. Box 2 Inventory 1 | 5/19/89 Priority Msg to US MISSION NATO BRUSSELS BE, re: Soviet Production |
| 21. Box 2 Inventory 3 | 6/6/89 Ltr Honorable Warner, re: Info on status of Soviet Strategic Target Data Base |

| 22. Box 2 Inventory 7 | 9/14/89 Memo for Sec Def, Composition of the Soviet Chemical Stockpile |
|---|---|
| 23. Box 2 Inventory 7 | 9/7/89 Memo for DCI, Senate Select Committee on Intelligence classified Supplement to Report No. 101-78 |
| 24. Box 2 Inventory 11 | 9/29/89 Document title classified in full |
| 25. Box 3 Inventory 1 | 12/27/89 Routine msg to multiple addressees, Briefing on Warning of War |
| 26. Box 3 Inventory 2 | 12/14/89 Memo for DUSD(SP), DoD Counterintelligence: Past, Present, Prologue |
| 27. Box 3 Inventory 2 | 12/5/89 Immediate msg to NAMILCON/USREPMC Brussels, NATO Intelligence |
| 28. Box 3 Inventory 3 | 11/30/89 Priority msg to NAMILCOM Brussels, The Changing Role of Intelligence |
| 29. Box 3 Inventory 3 | 11/29/89 Ltr to D/SAF/SS, DIA SIGINT Panel Report |
| 30 Box 3 Inventory 3 | 11/21/89 Memo for Dep Sec, Briefing on Soviet Capabilities - INFO MEMO |
| 31. Box 3 Inventory 3 | 11/20/89 TORs (4) on Intelligence Production, DIA Modernization, Intelligence Support to the U and S Commands, and Intelligence Support for Arms Control Monitoring |