UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL SECURITY ARCHIVE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 19-0529 (CJN) |
| DEFENSE INTELLIGENCE AGENCY, | ) ) ) | |
| Defendant. | ) ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's instruction at the June 8, 2021, hearing held in this matter, Plaintiff National Security Archive ("Plaintiff") and Defendant Defense Intelligence Agency ("Defendant" or "DIA"), a component-agency of U.S. Department of Defense ("DOD"), through undersigned counsel, respectfully submit this Joint Status Report.

1. The Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request that is the subject of this case sought disclosure of files from three specifically-identified boxes of records that were in the possession of the National Archives and Records Administration ("NARA") and located in the Washington Records Center in Suitland, Maryland. The FOIA request and Plaintiff's Complaint identified the requested files by accession number, volume, location, file name and date, and box number. Docket Entry Nos. 1, 1-3, Feb. 28, 2019 (Complaint and Exhibit A to Plaintiff's Complaint, copy of Plaintiff's original FOIA request). Plaintiff's original FOIA request sought copies of all documents stored in the specified boxes at the Washington Records Center. *Id.*

2. On June 8, 2021, the Court held a hearing in this matter to address disputes between the parties regarding two documents that were not contained in the three boxes but were listed

on the indices (that DIA understands NARA created) of the boxes' contents that DIA provided to Plaintiff in the beginning of the case: (i) 1/9/89 "End of Tour Report (Addendum) General Perroots"; and (ii) 3/17/89 "End of Tour Report (LtGen Perroots)". At the close of the hearing, the Court instructed the parties to confer to determine whether they could reach an agreement regarding how to move forward to resolve the disputes.

3. The parties have conferred and have reached an agreement consisting of the following terms:

   a. Plaintiff will submit a new FOIA request to Defendant specifically requesting the two documents at issue;

   b. Defendant will promptly begin processing the request after it is received; and

   c. Defendant will provide Plaintiff with an update regarding the processing of the new FOIA request three weeks after the request is received.

4. Defendant clarifies that although it has agreed to accept a new FOIA request and promptly process the request, the parties' agreement does not include litigating any issues that arise regarding the new FOIA request as part of the instant litigation. It is Defendant's position that any issues that arise regarding the new FOIA request should first be channeled through the administrative process like any other FOIA request, because the request that is the subject of this suit specifically identified three boxes, which DIA searched for and located, whereas the new FOIA request is asking DIA to search for specific documents within the Agency, which is a substantively different request and not a subset of the original request. Further, Defendant believes its agreement to promptly process a new FOIA request for the two documents without adding this new FOIA request to this litigation is more than reasonable in light of the fact that Plaintiff has known since December 2019 that Document No. 2 (3/17/89 "End of Tour Report (LtGen Perroots)") was not in the boxes, *see* ECF No. 19 at ¶ 9 (Joint Status Report of 12/20/2019), but Plaintiff never filed a new FOIA

request seeking this document and Plaintiff waited until May 2021 to assert that a search within the Agency should be conducted for this document.

5. Plaintiff's position is that, because the scope of its original FOIA request sought copies of the two missing documents *wherever* they may exist within DIA's possession, not just within the two boxes, any issues arising from the new FOIA request should be litigated in this case. NARA and DOD FOIA regulations instruct FOIA requestors to include as much information and specificity as possible about the records being sought, including possible document locations (*i.e.*, file designation and reference number). 36 C.F.R. § 1250.20(a); 32 C.F.R. § 286.5(a). *See also* NARA, FOIA Reference Guide (2018, https://www.archives.gov/foia/foia-guide. This is what Plaintiff did. Further, Plaintiff's Complaint made plain that the two documents at issue were those Plaintiff was most interested in, as have many subsequent filings in this case. Docket Entry No. 1, Feb. 28, 2019. *See also, e.g.*, Docket Entry Nos. 35, 37, 39. Plaintiff reserves the right to raise this issue at a later stage in the case.

6. Plaintiff further states that its timing of raising these issues is entirely reasonable in light of the fact that it did not learn that the indices were inaccurate until *May 2021*, *two* years into the case. December 10, 2019 was DIA's first substantive response to Plaintiff's FOIA request — DIA had not previously processed *any* documents in this matter. In its first response, DIA processed a total of three documents, including Document No. 2. Docket Entry No. 35, p. 7 (Appendix B to Plaintiff's April 7, 2021 Status Report, outlining history of DIA's processing of documents between December 10, 2019 and March 31, 2019). Between February 11, 2019 and March 31, 2019, DIA subsequently processed 24 additional documents. *Id.* at p. 2, 7. Plaintiff did not learn that *any* other documents were

not found in their files or in the boxes until May 5, 2021, when DIA confirmed that the document it had produced on April 31, 2021 purporting to be Document No. 1, was not in fact the "End of Tour Report (Addendum)" listed in the indices as being in the boxes. Docket Entry No. 37 (Plaintiff's May 11, 2021 Status Report). The "End of Tour Report (Addendum)" (Document No. 1), is a separate document from the "End of Tour Report" (Document No. 2). Accordingly, Plaintiff did not know that there was a broader issue regarding the accuracy of the indices and the presence of the records until the spring of 2021, at which point Plaintiff promptly informed DIA and the Court of the missing documents. *Id.*; Docket Entry No. 37-6 (May 2021 Email Thread between H. Jacobs and A. Seabrook).

Dated: June 29, 2021

Respectfully submitted,

*For Plaintiff:*

John S. Guttmann
D.C. Bar No.: 251934
Beveridge & Diamond, P.C.

*//s//  Hilary T. Jacobs*
Hilary T. Jacobs
D.C. Bar No. 1021353;
Beveridge & Diamond, P.C.
1350 I Street, N.W., Suite 700
Washington, D.C. 20005-3311
Telephone: (202) 789-6020
Facsimile: (202) 789-6190
Email: jguttmann@bdlaw.com

*For Defendant:*

CHANNING D. PHILLIPS, Bar No. 415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: */s/  April Denise Seabrook*
APRIL DENISE SEABROOK
D.C. Bar No. 993730
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2525
April.Seabrook@usdoj.gov